## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

PCH MUTUAL INSURANCE
COMPANY,

               **Plaintiff,**

    v.

THE ART OF LIVING CLA LLC,
QUIONA T. JACKSON, and GARY
M. GOLDSMITH, as the natural
parent of Rachel S. Goldsmith as
administrator of the estate of the
administrator of the Estate of Rachel
S. Goldsmith, deceased,

               **Defendants.**

1:16-cv-568 -WSD

## OPINION AND ORDER

On February 23, 2016, Plaintiff PCH Mutual Insurance Company

("Plaintiff") filed its Complaint [1] against Defendants The Art of Living CLA

LLC, Quiona T. Jackson, and Gary M. Goldstein, asserting a claim for declaratory

judgment relating to an insurance policy issued by Plaintiff to The Art of Living

CLA LLC.

Plaintiff's Complaint asserts that the Court has diversity jurisdiction

pursuant to 28 U.S.C. § 1332.  Federal courts "have an independent obligation to

determine whether subject-matter jurisdiction exists, even in the absence of a

challenge from any party." <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 501 (2006).
The Eleventh Circuit consistently has held that "a court should inquire into
whether it has subject matter jurisdiction at the earliest possible stage in the
proceedings.  Indeed, it is well settled that a federal court is obligated to inquire
into subject matter jurisdiction *sua sponte* whenever it may be lacking." <u>Univ. of</u>
<u>S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir. 1999).  In this case
Plaintiff's Complaint raises only questions of state law and the Court only could
have diversity jurisdiction over this matter.

 Diversity jurisdiction exists where the amount in controversy exceeds
$75,000 and the suit is between citizens of different states.  28 U.S.C § 1332(a).
"Diversity jurisdiction, as a general rule, requires complete diversity—every
plaintiff must be diverse from every defendant." <u>Palmer Hosp. Auth. of Randolph</u>
<u>Cnty.</u>, 22 F.3d 1559, 1564 (11th Cir. 1994).  "Citizenship for diversity purposes is
determined at the time the suit is filed." <u>MacGinnitie v. Hobbs Grp., LLC</u>,
420 F.3d 1234, 1239 (11th Cir. 2005).  "The burden to show the jurisdictional fact
of diversity of citizenship [is] on the . . . plaintiff." <u>King v. Cessna Aircraft Co.</u>,
505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting
<u>Slaughter v. Toye Bros. Yellow Cab Co.</u>, 359 F.2d 954, 956 (5th Cir. 1966)).  A
limited liability company, unlike a corporation, is a citizen of any state of which

one of its members is a citizen, not of the state where the company was formed or has it principal office.  See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).

The Complaint does not adequately allege The Art of Living CLA LLC's citizenship.  Plaintiff alleges only that "The Art of Living CLA LLC is a Georgia corporation with its principal place of business in Tucker, Georgia.  Upon information and belief, The Art of Living's sole officer is Chrishonda Burges, who is a resident of Tucker, Georgia."  (Compl. ¶ 7).   This allegation is insufficient. Based on Plaintiff's allegations, The Art of Living CLA LLC is not a "corporation."  The Art of Living CLA LLC is alleged to be organized as a limited liability company.  As a limited liability company, Plaintiff is required to allege the identity of all of its members and their respective citizenship in order for the Court to determine if it has subject matter jurisdiction.  See Rolling Greens, 374 F.3d at 1022.[1]

The Complaint also does not adequately allege Quiona Jackson's or Gary Goldstein's citizenship.  Plaintiff alleges that Quiona Jackson "is a resident of the State of Georgia and resides therein."  (Compl. ¶ 8).  Plaintiff alleges that Gary

---

[1]    Plaintiff's allegation that The Art of Living CLA LLC's sole officer is Chrishonda Burgess is not sufficient, because it does not identify The Art of Living CLA LLC's members or their respective citizenships.

Jackson "is a resident of the State of Georgia and resides therein."  (Id. ¶ 9).  This allegation is not sufficient to establish diversity jurisdiction because "[r]esidence alone is not enough" to show citizenship.  Travaglio v. Am. Express Co., 735 F.3d 1266, 1269 (11th Cir. 2013).  For United States citizens, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction," and "domicile requires both residence in a state and 'an intention to remain there indefinitely.'" Id. (quoting McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)).

The Complaint must allege more specific information regarding The Art of Living CLA LLC's members and their citizenship,[2] and must sufficiently allege Quiona Jackson's and Gary Goldstein's citizenship.  Accordingly, Plaintiff is required to file an amended complaint stating the identities of The Art of Living CLA LLC's members and their respective citizenships, and Quiona Jackson's and Gary Goldstein's citizenship.  The Court notes that it is required to dismiss this action unless Plaintiff provides the required supplement alleging sufficient facts to show the Court's jurisdiction.  See id. at 1268-69 (holding that the district court

---

[2]     "[W]hen an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court."  RES-GA Creekside Manor, LLC v. Star Home Builders, Inc., No. 10-cv-207, 2011 WL 6019904, at *3 (N.D. Ga. Dec. 2, 2011) (quoting Multibank 2009-1 RES-ADC Venture, LLC v. CRM Ventures, LLC, No. 10-cv-02001, 2010 WL 3632359, at *1 (D. Colo. Sept. 10, 2010)).

must dismiss an action for lack of subject matter jurisdiction unless the pleadings or record evidence establishes jurisdiction).

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff file an Amended Complaint on or before April 4, 2016, that provides the information required by this Order.

**SO ORDERED** this 21st day of March, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

5