# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| PCH MUTUAL INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | 1:16-cv-WSD |
| v. | ) | |
| | ) | |
| THE ART OF LIVING CLA LLC, QUIONA T. JACKSON, GARY M. GOLDSMITH, as the natural parent of Rachel S. Goldsmith and as the administrator of the ESTATE OF RACHEL S. GOLDSMITH, deceased, | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff PCH Mutual Insurance Company ("PCH Mutual"), and files this Amended Complaint for Declaratory Judgment action against Defendants The Art of Living CLA LLC ("The Art of Living"), Quiona T. Jackson ("Jackson"), and Gary M. Goldsmith, as the natural parent of Rachel S. Goldsmith and as the administrator of the Estate of Rachel S. Goldsmith, deceased (the "Underlying Plaintiff"), and alleges as follows:

## NATURE OF ACTION

1.

This is an action for declaratory judgment pursuant to 28 U.S.C. Sections 2201 and 2202 to determine and resolve questions of actual controversy involving Liability Policies that were issued by PCH Mutual to Chrishonda Burgess and The Art of Living CLA I, II, III & IV & Day Program.

2.

The Art of Living and its employee, Quiona T. Jackson, seek insurance coverage from PCH Mutual for a lawsuit filed against them by the Underlying Plaintiff in connection with the injuries to and death of Ms. Rachel S. Goldsmith, which occurred on or about March 9 through March 10, 2015, as a result of an incident that occurred while she was in the care of The Art of Living and Jackson at a condominium located at 513 Cypress Pointe Street, Johns Creek, Georgia.

3.

As a result of Ms. Goldsmith's alleged injuries and subsequent death, the Underlying Plaintiff filed a lawsuit styled, Gary M. Goldsmith, as the natural parent of Rachel S. Goldsmith and as the administrator of the Estate of Rachel S. Goldsmith, deceased v. Quiona T. Jackson and The Art of Living CLA LLC, Civil Action File No. 16A58346E7, in the State Court of DeKalb County, Georgia, against

LEGAL\26362209\2

The Art of Living and Jackson on or about January 8, 2016 (the "Underlying Lawsuit"). A copy of the Complaint filed in the Underlying Lawsuit is attached hereto as Exhibit "A." The Underlying Plaintiff filed an Amended Complaint on or about January 22, 2016. A copy of the Amended Complaint filed in the Underlying Lawsuit is attached hereto as Exhibit "B."

4.

PCH Mutual issued Policy Number MALF006753-02 to Named Insureds Chrishonda Burgess and The Art of Living CLA I, II, III & IV & Day Program for the policy period of July 19, 2014, through July 19, 2015 (the "2014-2015 Policy"). A copy of the 2014-2015 Policy is attached hereto as Exhibit "C." PCH Mutual also issued Policy Number MALF006753-03 to Chrishonda Burgess and The Art of Living CLA LLC for the policy period of July 19, 2015, through July 19, 2016 (the "2015-2016 Policy"). A copy of the 2015-2016 Policy is attached hereto as Exhibit "D." The 2014-2015 Policy and the 2015-2016 Policy may be collectively referred to as the "Policies."

5.

PCH Mutual denies that it has any duty to defend or indemnify The Art of Living or Jackson or otherwise pay any other party in connection with the Underlying Lawsuit. Therefore, PCH Mutual seeks a declaration from this Court

3

that PCH Mutual does not owe insurance coverage to The Art of Living or Quiona T. Jackson and has no duty to defend, indemnify or otherwise pay any Defendant, in any form, in connection with the Underlying Lawsuit, as more fully set forth below.

## **PARTIES**

6.

Plaintiff PCH Mutual is a corporation organized and existing under the laws of the District of Columbia, with its principal place of business in the District of Columbia.   For diversity purposes, PCH Mutual is a citizen of the District of Columbia.  As a risk retention group, PCH Mutual is authorized to transact business in the State of Georgia.

7.

Defendant The Art of Living CLA LLC is a Georgia limited liability company with its principal place of business in Tucker, Georgia.  Upon information and belief, The Art of Living's sole member is Chrishonda Burgess, who is a citizen of Dunwoody, Georgia, resides in the State of Georgia, and intends to remain in the State of Georgia indefinitely.  For diversity purposes, The Art of Living CLA LLC is a citizen of the State of Georgia since its sole member is a citizen of the State of Georgia.  The Art of Living may be served through its registered agent, Chrishonda Burgess, at 4896 N. Royal Atlanta Drive, Suite 302, Tucker, Georgia 30084.

LEGAL\26362209\2

8.

Defendant Quiona T. Jackson is a citizen of the State of Georgia and resides therein.  Upon information and belief, Ms. Jackson intends to remain in Georgia indefinitely.  For diversity purposes, Ms. Jackson is a citizen of the State of Georgia.  Ms. Jackson may be served at her residence located at 3096 Springhill Parkway SE, Apartment C, Smyrna, Georgia 30080.

9.

Defendant Gary M. Goldsmith, as the natural parent of Rachel S. Goldsmith and as the administrator of the Estate of Rachel S. Goldsmith, deceased, is a citizen of Alpharetta, Georgia and resides in the State of Georgia.  Upon information and belief, Mr. Goldsmith intends to remain in the State of Georgia indefinitely.  For diversity purposes, Mr. Goldsmith is a citizen of the State of Georgia.  Mr. Goldsmith may be served at his residence located at 365 Pilgrimage Pointe, Alpharetta, Georgia 30022.

## <u>JURISDICTION AND VENUE</u>

10.

This declaratory judgment action is brought pursuant to 28 U.S.C. §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure.

11.

An actual justiciable controversy exists between PCH Mutual, The Art of Living, and Jackson within in the meaning of 28 U.S.C. § 2201 regarding whether PCH Mutual has any obligation to defend or indemnify The Art of Living or Jackson under the Policies.

12.

This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy (a liability insurance policy in the amount of $1,000,000 with eroding limits) exceeds $75,000 and the dispute is between citizens of different states. The plaintiff PCH Mutual is a citizen of the District of Columbia and is diverse from the defendants, all of whom are citizens of Georgia.

13.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) in that the incident(s) giving rise to this claim occurred in this judicial district, and all Defendants reside in this judicial district for venue purposes.

LEGAL\26362209\2

## FACTUAL BACKGROUND

14.

According to the allegations of the Underlying Lawsuit, Rachel Goldsmith suffered from a developmental disability and lived in a condominium located at 513 Cypress Pointe Street, Johns Creek, Georgia. *Complaint*, ¶¶ 6-7.

15.

The Underlying Plaintiff asserts that The Art of Living employed Jackson to provide "in-home care" for the residents of the condominium located at 513 Cypress Pointe Street, Johns Creek, Georgia, including Rachel Goldsmith. *Complaint*, ¶ 6.

16.

The Complaint alleges that on the evening of March 9, 2015, Jackson "was working for The Art of Living, at the condominium, and was responsible for providing care to, among others, Rachel S. Goldsmith." *Complaint*, ¶ 8.

17.

The Complaint further alleges that "[o]n the evening of March 9, 2015, despite . . . Jackson being present on the premises, Rachel S. Goldsmith, was found unresponsive in her bathtub, at the condominium." *Complaint*, ¶ 9. Rachel Goldsmith died on March 10, 2015. *Complaint*, ¶ 10.

LEGAL\26362209\2

18.

The Complaint asserts that both The Art of Living and Jackson failed to exercise ordinary and reasonable care in providing services to Rachel Goldsmith including, but not limited to, failing to properly check on Rachel Goldsmith while she bathed, and failing to provide proper care to Rachel Goldsmith after she was allegedly found unresponsive in her bathtub.  *Complaint*, ¶¶ 12-13.

19.

The Complaint further asserts that Jackson was The Art of Living's employee and was acting within the course and scope of her employment at the time of the incident such that The Art of Living is vicariously liable for Jackson's and other staff's and employees' negligence.  *Complaint*, ¶¶ 16-17.

20.

The Complaint contends that The Art of Living was negligent in its hiring, training, and supervision of its employees, including Jackson, such that this negligence led to Rachel Goldsmith's death.  *Complaint*, ¶¶ 19-21.

21.

The Complaint seeks to recover various damages for Rachel Goldsmith's death, including damages for pre-death pain and suffering, medical and burial expenses, and the "full value of Rachel Goldsmith's life."  *Complaint*, ¶¶ 22-23.

22.

The Amended Complaint adds allegations that The Art of Living acted "willfully, maliciously, intentionally, and with a wanton disregard towards Plaintiff's rights, and . . . with such willful and wanton nature so as to show a conscious indifference to and complete disregard for the rights and welfare of Plaintiff" by hiring Jackson when she allegedly had a warrant outstanding for her arrest, making her ineligible for employment, and by failing to properly train its employees on the procedures for handling medical emergencies. As a result of The Art of Living's alleged willful, malicious, intentional, and wanton behavior, the Underlying Plaintiff seeks to recover punitive damages. *Amended Complaint*, ¶¶ 25-27.

## THE 2014-2015 POLICY APPLICATION

23.

On or about July 29, 2014, Chrishonda Burgess, on behalf of herself and The Art of Living CLA LLC, completed an Adult Residential Care Community Professional and General Liability Insurance Application from Personal Care &

Assisted Living Insurance Center, LLC ("PCALIC"),[1] and PCH Mutual (the "Application"). A copy of the Application is attached hereto as Exhibit "E."

24.

On the page 1 of the Application, which Ms. Burgess signed, she completed the "Locations to Be Insured" as follows: (1) 1668 S. Harrison Road, Stone Mountain, Georgia (4 beds); (2) 3995 Ambrose Way, Ellenwood, Georgia (4 beds); (3) 2752 Jaguar Drive, Ellenwood, Georgia (3 beds); (4) 4892 N. Royal Atlanta Drive, Tucker, Georgia (no beds, operated as an adult daycare); and (5) 2535 Hewatt Road, Snellville, Georgia (3 beds). *See* Exhibit E. Ms. Burgess did not request coverage for the 513 Cypress Pointe Street, Johns Creek, Georgia, location where Rachel Goldsmith died. The "Locations to Be Insured" section clearly states that "locations not listed will not be insured." *See* Exhibit E.

25.

On page 4 of the Application, just above Ms. Burgess' signature, the Application states:

> I declare that the information provided in this application is accurate, true, and complete and that each location currently complies and will comply with the rules and regulations set by state and federal law. . . .

---

[1] PCALIC is the Managing Agent for PCH Mutual, with which the insured contacted PCH Mutual. As used herein, PCH Mutual and PCALIC are essentially interchangeable.

> If the information supplied on the application changes between the date of the application and the effective date of the insurance, I will immediately notify PCH of any changes. . . . I must notify PCH of any changes in the operation of this business during the policy period, and failure to do so may result in cancellation of the coverage or denial of a claim.

*See* Exhibit E.

26.

Ms. Burgess never notified PCH Mutual of any changes to the Application or the operation of The Art of Living's business during the 2014-15 Policy's policy period or requested that any locations be added to the Policy's coverage.

## NOTICE OF CLAIM

27.

The Art of Living reported the incident involving Rachel Goldsmith's death to PCH Mutual on March 10, 2015, during the 2014-2015 Policy period. On or about March 31, 2015, during the 2014-15 Policy period, The Art of Living received an evidence preservation letter/records request from counsel for the Goldsmith family, which advised of a potential claim against The Art of Living and directed that The Art of Living notify its liability insurer of the potential claim. A copy of the Notice of Loss/Claim and letter is attached as Exhibit "F."

28.

On September 16, 2015, counsel for the Underlying Plaintiff sent Ms. Burgess and The Art of Living a letter notifying them of the Underlying Plaintiff's intent to pursue a claim for Rachel Goldsmith's injuries.  A copy of this letter is attached hereto as Exhibit "G."

29.

On September 25, 2015, and January 5, 2016, Magnolia LTC Management Services, Inc. ("Magnolia"), the Third Party Administrator for PCH Mutual, wrote to Ms. Burgess and The Art of Living acknowledging notice of the claim, requesting additional information, and agreeing to defend The Art of Living subject to a reservation of rights.  Copies of these letters are attached hereto as Exhibit "H."  To date, The Art of Living has yet to fully respond to these information requests.

30.

On January 8, 2016, the Underlying Plaintiff filed the Complaint.  The filing of the Complaint was PCH Mutual's first notice of the location where Rachel Goldsmith's death occurred, which was not a location listed in the Application to be insured under the Policy.

31.

The Underlying Plaintiff filed his Amended Complaint on January 22, 2016.

32.

On February 17, 2016, PCH Mutual sent a supplemental reservation of rights letter to The Art of Living and Jackson agreeing to defend them in the Underlying Lawsuit subject to a reservation of rights, including a reservation of the right to commence a declaratory relief action establishing non-coverage.   A copy of the February 2016 reservation of rights letter is attached hereto as Exhibit "I."

33.

PCH Mutual now seeks a ruling from this Court that:  (a) there is no coverage under the Policies for the claims in the Underlying Lawsuit; (b) that PCH Mutual has no obligation to defend, indemnify, or otherwise pay any defendant or plaintiff in connection with the allegations of the Underlying Lawsuit; (c) that PCH Mutual may withdraw from The Art of Living's and Jackson's defense in the Underlying Lawsuit; and (d) that PCH Mutual is entitled to recoup all costs and attorneys' fees expended in The Art of Living's and Jackson's defense of the Underlying Lawsuit.

## **THE POLICIES**

34.

The 2014-2015 Policy (effective July 19, 2014 to July 19, 2015) and 2015-2016 Policy (effective July 19, 2015 to July 19, 2016) provide, among other

coverages, Professional Liability ("PL") and Commercial General Liability ("CGL")

coverages, subject to a retroactive date of July 19, 2013.

35.

The 2014-2015 Policy issued by PCH Mutual to The Art of Living has limits

of liability of $1,000,000 Each Occurrence or Offense or Professional Incident

subject to a $3,000,000 General Aggregate Limit where applicable.  As set forth

below, defense costs erode the limits of liability.

36.

The Policies contain the following relevant provisions:

<strong><u>ASSISTED LIVING FACILITY<br>LIABILITY INSURANCE POLICY</u></strong>

<strong>THIS POLICY PROVIDES CLAIMS MADE AND REPORTED<br>COVERAGE</strong>

<strong>CLAIMS MUST BE REPORTED WITHIN 60 DAYS</strong>

*     *     *

**A.**     **<u>INSURING AGREEMENTS</u>**

**1.**     **Professional Liability—Claims Made And Reported—Reported Within 60 Days**

> We will pay those sums that the "insured" becomes legally obligated to pay as "damages" because of "bodily injury" arising out of a "professional incident" to which this insurance applies.

14

\* \* \*

**3.** **Commercial General Liability**

    **a.** **Bodily Injury and Property Damage—Claims Made and Reported—Reported Within 60 Days**

We will pay those sums that the "insured" becomes legally obligated to pay as "damages" because of "bodily injury" or "property damage" caused by an "occurrence" to which this insurance applies.

\* \* \*

**B.** **<u>CLAIMS MADE AND REPORTED COVERAGE – Claims Must Be Reported Within 60 Days</u>**

This Policy applies **<u>only if</u>**:

**1.** The "professional incident," incident of physical or "sexual abuse," "occurrence," or offense did not occur before the Retroactive Date shown in the Declarations or after the end of the "policy period;" and

**2.** A "claim" for "damages" is first made against any "insured" and reported to us during the "policy period" or any Extended Reporting Period, and in any event, no later than sixty (60) days after the "claim" is first made.  A "claim" will be deemed to have been first made at the earlier of the following times:

    **a.** When written notice of such "claim" is received by any "insured"; or

    **b.** When a "claim" is made directly to us in writing;

\* \* \*

**E.** **<u>DEFINITIONS</u>**

\* \* \*

**5.**     "Bodily injury" means bodily injury, sickness, or disease sustained by a person, including death, resulting from any of these at any time.

*     *     *

**7.**     "Claim" means a written demand or "suit" for monetary "damages" to which this insurance applies.

**8.**     "Damages" means compensatory damages, judgments, any award of prejudgment or post-judgment interest, or settlements which the "insured" becomes legally obligated to pay on account of any "claim" to which this insurance applies.  "Damages" does not include:

    **a.**  Any amount for which the "insured" is not financially liable or legally obligated to pay;

    **b.**  Taxes, fines, penalties, or sanctions;

    **c.**  Attorneys' fees awarded or allowable pursuant to contract or statute;

    **d.**  Punitive or exemplary damages, or the multiple portion of any multiplied damage award; or

    **e.**  Matters uninsurable under the laws pursuant to which this Policy is construed.

**9.**     "Defense expenses" mean payment allocated to a specific "claim" we investigate, settle or defend, for its investigation, settlement or defense . . . .

*     *     *

**14.**    "Insured"

    **a.  If you are designated in the Declarations as:**

*     *     *

16

    **iii.**  A limited liability company, you are an "insured." Your members are also "insureds," but only with respect to the conduct of your business.  Your managers are "insured," but only with respect to their duties as your managers.

*      *      *

**b.  Each of the following is also an "insured:"**

*      *      *

    **i.**  Your "employees," . . . but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business . . . .

*      *      *

**18.**  "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

*      *      *

**20.**  "Policy period" means the period from the Inception Date shown in the Declarations to the earlier of the Expiration Date Shown in the Declarations or the effective date of cancellation of this Policy.

*      *      *

**22.**  "Professional incident" means any act or omission in the providing of or failure to provide only those professional care services to your residents or clients that are permitted by the state licensing authority and regulatory authority applicable to the location and/or operations of your business.

**23.**  "Professional care services" means the regular and customary services provided to residents, including, but not limited to:

17

    **i.**      Providing residential care;

    **ii.**     Providing or dispensing of food, beverages, medications or medical supplies or appliances in connection with such services . . . .

\*    \*    \*

**F.**    <u>**LIMITS OF INSURANCE**</u>

**1.**    The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

    **a.**    "Insureds;"

    **b.**    "Claims" made or "suits" brought; or

    **c.**    Persons or organizations making "claims" or bringing "suits."

**2.**    The General Aggregate Limit is the most we will pay for the sums of "damages" and "defense expenses" for:

    **a.**    Professional Liability;

    **b.**    Limited Physical and Sexual Abuse; and

    **c.**    Commercial General Liability—Bodily Injury and Property Damage.

**3.**    Subject to Paragraph 2, the Each Professional Incident Liability Limit is the most we will pay for the sum of all "damages" and "defense expenses" because of all "bodily injury" arising out of any one "professional incident."

    **All "professional incidents" arising out of the same facts or circumstances shall be considered one "professional incident."**

LEGAL\26362209\2

\*      \*      \*

**5.**      Subject to Paragraph 2. above, the Each Occurrence Limit is the most we will pay for the sum of:

**a.**      "Damages" and "defense expenses" under Commercial General Liability—Bodily Injury and Property Damages . . .

because of "bodily injury" and "property damage" arising out of any one "occurrence."

\*      \*      \*

All "claims" for "bodily injury" to the same person, including "damages" claimed by any person or organization for care, loss of services, or death resulting at any time from the "bodily injury" will be deemed to be a single "claim" and will be deemed to have been made at the time the first such "claim" is made against any "insured."

\*      \*      \*

If both the PROFESSIONAL LIABILITY and COMMERCIAL GENERAL LIABILITY coverages apply to a "claim," loss, "occurrence," offense, or "professional incident" arising out of the same facts or circumstances, the COMMERCIAL GENERAL LIABILITY COVERAGE will apply to the exclusion of all other coverages.

\*      \*      \*

## H.   <u>EXCLUSIONS</u>

This insurance does not apply to any "claim" involving or arising out of the following, regardless of other causes or events that contribute to or aggravate the loss.

1.      **Exclusions That Apply To All Policy Coverages**

*        *        *

     j.      **Expected or Intended Injury**

Injury or "damages" expected or intended from an "insured's" standpoint, or that are the result of criminal, intentional, fraudulent, or malicious acts of the "insured," or at the direction of an "insured." . . .

*        *        *

     v.      **Taxes, Fines, Penalties or Punitive Damages**

Taxes, fines, penalties or punitive damages,. . . .

*        *        *

2.      **Additional Exclusions That Apply To <u>PROFESSIONAL LIABILITY COVERAGE</u>**

*        *        *

     d.      **Other Coverages of This Policy**

Any "claim" or "suit" covered by any other coverage of this Policy, other than this PROFESSIONAL LIABILITY COVERAGE CLAIMS MADE COVERAGE.

*        *        *

LEGAL\26362209\2

4.  **Additional Exclusions That Apply to <u>COMMERCIAL GENERAL LIABILITY—BODILY INJURY AND PROPERTY DAMAGE</u>**

>    \*       \*       \*

l.  **"Professional Care Services"**

>    "Bodily injury" or "property damage" caused by or arising out of the providing or failing to provide "professional care services."

>    \*       \*       \*

I.  **<u>DUTIES IN THE EVENT OF "PROFESSIONAL INCIDENT," INCIDENT OF PHYSICAL OR "SEXUAL ABUSE," "OCCURRENCE," OFFENSE, "CLAIM," OR "SUIT"</u>**

a.  If a "claim" is received by any "insured," you must:

>    i.   Immediately record the specifics of the "claim" and the date received; and

>    ii.  Notify us as soon as practicable, and in no event later than sixty (60) days after the "claim" is made as set forth in the "claim" reporting requirements in the CLAIMS MADE AND REPORTED section. If you do not report a "claim" within sixty (60) days, coverage for such claim shall be barred.

>    \*       \*       \*

b.  You and any other involved "insured" must:

>    i.   Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the "claim" or a "suit;"

>    ii.  Authorize us to obtain records and other information;

21

      **iii.**    Cooperate with us in the investigation or settlement of the "claim" or defense against the "suit;" and

      **iv.**    Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the "insured" because of injury or damage to which this insurance may also apply.

**c.**    You must see to it that we are notified as soon as practicable, and in no event later than sixty (60) days of a "professional incident," . . . "occurrence" or offense which may result in a "claim." If you do not report incidents, occurrences or events that are expected to be the basis of a "claim" within sixty (60) days, coverage for any resulting clams shall be barred.

*    *    *

**Notice of a "professional incident," . . . "occurrence," or offense is not notice of a "claim."**

**d.**    If, during the "policy period" an "insured" becomes aware of a "professional incident," . . . "occurrence" or offense that is expected to be the basis of a "claim" or "suit" against the "insured" and the "insured" gives written notice to us within sixty (60) days in accordance with paragraph **c.** above, then any such "claim" or "suit" arising out of such reported incident, "occurrence" or offense that is subsequently made against the "insured" and reported to us in accordance with paragraphs **a.** and **b.** above shall be deemed to have been made at the time such written notice was provided to us. If you do not report incidents, occurrences or events that are expected to be the basis of a "claim" within sixty (60) days, coverage for any resulting claims shall be barred.

*    *    *

LEGAL\26362209\2

**J.**     **CONDITIONS**

             *     *     *

**5.**     **Changes to Your Business or Profession**

The first Named "Insured" must notify us of any change, which might affect the terms of this insurance, including a change in:

             *     *     *

**b.** Named "Insured's" operation which is material to this Policy.

             *     *     *

**9.**     **Insurance Under More Than One Policy**

**a.** PROFESSIONAL LIABILITY AND LIMITED PHYSICAL AND "SEXUAL ABUSE" COVERAGE

If there is other insurance which applies to the "damages" resulting from an "occurrence," [or] "professional incident" . . . covered by this Policy, whether primary, excess, contingent or on any other basis, this insurance is excess and the other insurance must pay first. This Policy applies to the amount of "damages" which is in excess of:

>   **i.**     The Limits of Insurance of all of such other insurance; and

>   **ii.**    The total of all deductibles and self-insured amounts under all such other insurance.

When this insurance is excess, we will have no duty to defend the "insured" against any "suit" if any other insurer has a duty to defend the "insured" against that "suit," however, we shall have the right and opportunity to associate with the "insured" and underlying insurer in the defense and control of any "claim" or "suit" reasonably likely to involve this Policy.

**b.** <u>COMMERCIAL GENERAL LIABILITY INSURANCE ONLY</u>

If there is other insurance which applies to the "damages" resulting from an "occurrence" or offense covered by this Policy, our obligations are limited as follows:

**i.** **Primary Insurance**

This insurance is primary except when paragraph **ii.** below applies.  If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary.  Then, we will share with ail that other insurance by the method described in paragraph **iii.** below.

**ii.** **Excess Insurance**

**aa.** This insurance is excess over:

**1.** Any of the other insurance, whether primary, excess, contingent or on any other basis:

**aa.** That is effective prior to the beginning of the "policy period" shown in the Declarations of this insurance and that applies to "bodily injury" or "property damage" on other than a claims made basis, if:

**i.** No Retroactive Date is shown in the Declarations of this insurance; or

**ii.** The other insurance has a "policy period" which continues after the Retroactive Date shown in the Declarations of this insurance;

\*        \*        \*

**2.** Any other primary insurance available to you, for which you have been added as an additional "insured."

**bb.** When this insurance is excess, we will have no duty under COMMERCIAL GENERAL LIABILITY coverage to defend the "insured" against any "suit" if any other insurer has a duty to defend the "insured" against that "suit." If no other insurer defends, we will undertake to do so, but we will be entitled to the "insured's" rights against all those other insurers.

\*      \*      \*

## 17.  Warranty of "Application" and Loss Information

You, either directly or through your insurance brokers, have provided information to us which has induced us to issue this insurance policy. Included in the information provided are an "application" and other correspondence including your "claim" or loss history. This information is considered to be a part of this Policy. You should review this information carefully, as the truth of this information was of paramount importance in influencing our decision to issue this Policy. A copy of the Application is hereby incorporated and attached to the Policy.

You, for all "insureds" under the policy, do warrant the truth of such information <u>at the effective date of this Policy</u>. . . .

You understand that if such information is false or misleading, it may limit or void coverage under this Policy.

\*      \*      \*

37.

The 2014-2015 Policy also contains the following pertinent endorsement:

## <u>LIMITATION OF COVERAGE TO DESIGNATED PREMISES ENDORSEMENT</u>

## THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

This insurance applies only to "professional incidents," incidents of physical and "sexual abuse," "bodily injury," "property damage," medical expenses "personal and advertising injury," arising out of the ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises.

## SCHEDULE

**Location       Premises**

**1.**

**2.**

**3.**

**4.**

**5.**

If no entry appears above, the locations listed in the Declarations are applicable to this endorsement.

38.

The 2014-2015 Policy Declarations contain the following Location Schedule:

## LOCATION SCHEDULE

*       *       *

LOCATION NUMBER:  **00001**
BUILDING NUMBER:  **00001**
ADDRESS:  **1668 Harriston Road, Stone Mountain, GA 30088**

LOCATION NUMBER:  **00002**
BUILDING NUMBER:  **00001**
ADDRESS:  **3995 Ambrose Way, Ellenwood, GA 30294**

LEGAL\26362209\2

LOCATION NUMBER:  **00003**
BUILDING NUMBER:  **00001**
ADDRESS:  **2752 Jaguar Dr., Ellenwood, GA 30294**

LOCATION NUMBER:  **00004**
BUILDING NUMBER:  **00001**
ADDRESS:  **4892 N Royal Atlanta Dr., Tucker, GA 30084**

LOCATION NUMBER:  **00005**
BUILDING NUMBER:  **00001**
ADDRESS:  **2535 Hewatt Road, Snellville, GA 30084**[2]

\*     \*     \*

### COUNT ONE:  DECLARATORY JUDGMENT

39.

PCH Mutual incorporates herein by reference each of the allegations contained in Paragraphs 1 through 38 above.

40.

There is a real, substantial, and justiciable controversy between the parties concerning coverage under the Policy for the Underlying Lawsuit.

41.

a.     PCH Mutual's rights and obligations owed to The Art of Living and/or

Jackson under the Policies with respect to the Underlying Lawsuit are

---

[2] Effective April 6, 2015, PCH Mutual issued a Change Endorsement adding the following location:  3926 South River Lane, Ellenwood, GA 30294, and amending the Declarations Name to read:  Chrishonda Burgess & The Art of Living CLA, LLC, DBA:  The Art of Living CLA I, II, III, IV, V, & Day Program.

27

subject to the terms, exclusions, and conditions of the Policies.  PCH Mutual is not obligated to defend or indemnify The Art of Living or Jackson for the Underlying Lawsuit for one or more of the following reasons:  The 2014-2015 Policy and the 2015-2016 Policy are claims made and reported policies.  The incident at issue occurred and was reported to PCH Mutual within the 2014-2015 Policy.    Pursuant to Section I, Duties in the Event of "Professional Incident," Incident of Physical or "Sexual Abuse," "Occurrence," Offense, "Claim," or "Suit" provision of the Policies, the 2014-2015 Policy applies to the lawsuit because the incident and/or potential claim involving Rachel Goldsmith was reported to PCH Mutual on or about March 10, 2015, during the 2014-15 Policy.  Section I of the Policies mandates that the claim will be deemed to have been made at the time the notice of the incident was provided.

b.   The Limitation of Coverage to Designated Premises Endorsement and the Schedule of Locations attached to the 2014-2015 Policy limits the availability of coverage to those locations specifically scheduled. There is no coverage for the Underlying Lawsuit because the location of the incident (513 Cypress Pointe) was not scheduled on the Policy.

28

c.  There was no "occurrence" within the meaning of the Policies' Commercial General Liability coverage part.

d.  The claims asserted in the Underlying Lawsuit do not fall within the meaning of a "professional incident" under the Policies' Professional Liability coverage part.

e.  The Art of Living violated its duty to cooperate in PCH Mutual's investigation as required by the Duty provisions of the Policies.

f.  The claims asserted in the Underlying Lawsuit are precluded and/or limited from coverage by the application of one or more provisions, exclusions, and/or endorsements contained in the Policies' Commercial General Liability and/or Professional Liability coverage parts.

42.

Upon a judicial determination of non-coverage under the Policies, PCH Mutual is entitled to and may withdraw from The Art of Living's and Jackson's defense in the Underlying Lawsuit.

43.

Upon a judicial determination of non-coverage under the Policies, PCH Mutual is entitled to and may recoup any and all attorneys' fees and costs expended

in defending or indemnifying The Art of Living and Jackson in the Underlying Lawsuit.

WHEREFORE, PCH Mutual prays for relief as follows:

A.    Declaring that The Art of Living and Jackson are not entitled to coverage under the Policies for the claims asserted in the Underlying Lawsuit;

B.    Declaring that PCH Mutual has no duty to defend, indemnify, or otherwise pay The Art of Living, Jackson, or any defendant or plaintiff in connection with the Underlying Lawsuit;

C.    Declaring that PCH Mutual may withdraw from providing The Art of Living and Jackson a defense in the Underlying Lawsuit;

D.    Declaring that PCH Mutual is entitled to reimbursement of all costs and attorneys' fees paid by PCH Mutual in connection with The Art of Living's and Jackson's defense in the Underlying Lawsuit;

E.    For all costs, attorneys' fees, and disbursements;

F.    For all other costs and fees as permitted by law; and

G.    For such other and further relief as this Court may deem just and proper.

Respectfully submitted, this the 4th day of April, 2016.

COZEN O'CONNOR

*/s/ Jennifer Kennedy-Coggins*
Jennifer A. Kennedy-Coggins
Georgia Bar No. 141577
The Promenade
1230 Peachtree Street N.E., Suite 400
Atlanta, GA 30309
Telephone:  404-572-2000
Facsimile:  404-572-2199
Email:  jkennedy-coggins@cozen.com

Shauna Martin Ehlert
*Admitted pro hac vice*
Cozen O'Connor
999 Third Avenue, Suite 1900
Seattle, Washington 98104
Telephone:  206-340-1000
E-mail:  sehlert@cozen.com

*Attorneys for Plaintiff PCH Mutual*
*Insurance Company*

CERTIFICATION:  The above-signed counsel hereby certifies that this document was prepared in Times New Roman 14-point font and a 1.5 inch top margin in accordance with LR 5.1B, N.D.Ga.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

PCH MUTUAL INSURANCE  )
COMPANY,  )
  )
               Plaintiff,  )    CIVIL ACTION FILE NO.
  )    1:16-cv-WSD
v.  )
  )
THE ART OF LIVING CLA LLC,  )
QUIONA T. JACKSON, GARY M.  )
GOLDSMITH, as the natural parent of  )
Rachel S. Goldsmith and as the  )
administrator of the ESTATE OF RACHEL  )
S. GOLDSMITH, deceased,  )
  )
             Defendants.  )
  )

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 4, 2016, I electronically filed the foregoing

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT** with the

Clerk of the Court using the CM/ECF system which will send notification of such

filing to the following**:**

  The Art of Living CLA LLC
  c/o Darcy DuVal Hodges
  Gilson Athans P.C.
  980 Hammond Drive, Suite 800
  Atlanta, Georgia  30328

32

Additionally, I hereby certify that on this date I forwarded a true and correct copy of the above and foregoing via U.S. Regular Mail to the following:

Quiona T. Jackson                    Michael R. Braun
3096 Springhill Parkway SE           Jackson & Braun, LLP
Apartment C                          3225 Shallowford Road, Suite 500
Smyrna, Georgia  30080               Marietta, Georgia  30062-7024

Respectfully submitted, this the 4th day of April, 2016.

COZEN O'CONNOR

/s/ Jennifer Kennedy-Coggins
Jennifer A. Kennedy-Coggins
Georgia Bar No. 141577

33